**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

RAY A. SEBASTIAN, JR.                                                                                              PLAINTIFF
ADC #151702

V.                                         NO: 5:13CV00327 BSM/HDY

LORI TAYLOR *et al.*                                                                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District
       Judge  (if such a  hearing is granted)  was not  offered at  the
       hearing before the Magistrate Judge.

1

    3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Ray A. Sebastian, Jr., an Arkansas Department of Correction inmate who is currently incarcerated at the East Arkansas Regional Unit, filed a *pro se* complaint on October 21, 2013, asserting that he was wrongly charged with a disciplinary violation on April 3, 2013, and was thereafter convicted. On October 28, 2013, the Court entered an order noting that Plaintiff's complaint was too vague to determine if he stated a claim for relief, and ordering him to file an amended complaint describing the punishment he received as a result of the allegedly false charge and his subsequent conviction. Plaintiff filed an amended complaint on November 26, 2013 (docket entry #4).

### I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief

against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

According to Plaintiff, Charlie Johnson, the manager at the warehouse where Plaintiff worked, charged Plaintiff with writing him an inappropriate letter. Plaintiff was not at work the day the letter was delivered, and Plaintiff suggests that another inmate may have written it, and forged his signature. Plaintiff requested a handwriting analysis, but it was denied. Plaintiff alleges that Defendants Justine Minor, Lori Taylor, Johnny James, and Raymond Naylor, denied him due process in the disciplinary proceedings, where Plaintiff was eventually found guilty. Because Plaintiff has failed to state an actionable claim, his complaint should be dismissed.

Initially, the Court notes that a false disciplinary charge is not itself a constitutional violation. *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989)(*citing Freeman v. Rideout*, 808 F.2d 949,

951-52 (2nd Cir. 1986), cert denied, 485 U.S. 982 (1988)). Although a false disciplinary charge alone is not a constitutional violation, the sanctions Plaintiff received as a result of his disciplinary conviction must be examined to determine if Plaintiff was entitled to due process protection before they were imposed.

As a result of the disciplinary conviction, Plaintiff was reduced in class, given 30 days of punitive isolation, lost 365 days of good time, and was assigned to administrative segregation. Plaintiff has no constitutionally protected interest in a particular classification status. *See Madewell v. Roberts*, 909 F.2d 1203, 1207 (8th Cir. 1990)(noting that an inmate has no right to any particular class status); *Strickland v. Dyer*, 628 F.Supp. 180, 181 (E.D. Ark. 1986)(finding that because Arkansas case law does not protect a prisoner's right to any particular classification and there is no federally protected right regarding classification, inmate could not prevail on claim that he was deprived of due process due to disciplinary penalty of two-step class reduction). Additionally, 30 days of punitive isolation and Plaintiff's current administrative segregation do not amount to an "atypical and significant" hardship that would give rise to due process protection as set forth in *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995). The Eighth Circuit has "consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*." *Portly-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002). Plaintiff received the disciplinary charge on April 3, 2013, less than seven months before he filed his lawsuit. Seven months in administrative segregation is not a sanction which would invoke due process protection. *See Orr v. Larkins,* 610 F.3d 1032, 1034 (8th Cir. 2010) (inmate was not deprived of liberty interest during 9 months in administrative segregation); *Hemphill v. Delo,* 124 F.3d 208 at *2 (8th Cir. Sept. 22, 1997) (unpublished per curiam) (finding that four days of lockdown, thirty days in punitive disciplinary

segregation, and about 290 days in administrative segregation was not an "atypical and significant hardship" under *Sandin*.).[1] Thus, Plaintiff was not deprived of any constitutionally protected liberty interest.

Finally, the fact that certain prison policies may not have been followed in the disciplinary or appeal process does not state a claim for a constitutional violation. *See Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy). Accordingly, Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted.[2]

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment

---

[1]To the extent that Plaintiff may be raising a claim regarding the conditions of his confinement in administrative segregation, the Court notes that he described no conditions which deprive him of the minimal civilized measure of life's necessities, or expose him to a risk of harm. *See Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir.1996) (discussing requirements to establish a condition of confinement claim).

[2]Even if Plaintiff had stated a claim for relief, dismissal would likely be required, because of the good time loss. *See Heck v. Humphry*, 512 U.S. 477, 486-487 (1994) (if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged or called into question by issuance of a federal writ of *habeas corpus*); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (holding an inmates's due process claim for declaratory relief and money damages regarding disciplinary citation resulting in good time loss is not cognizable under § 1983 as it would necessarily imply the invalidity of the disciplinary conviction under *Heck*).

dismissing this action is considered frivolous and not in good faith.

DATED this __13__ day of December, 2013.

_____
UNITED STATES MAGISTRATE JUDGE